## WHEN A TITLE BY DEVISE TAKES EFFECT.

Circuit Court of Hamilton County.

DAVID W. MILLER ET AL v. HOWARD DOUGLASS, EXECUTOR, ET AL.

*Wills—Title by Devise—When it Takes Effect—Action to Set Aside Conveyance Made by Devisee After Death of the Testator but Before Probate of his Will.*

A title in a devisee relates back from the probate of the will, and takes effect as of the date of the death of the testator; or if not at the death of the testator, the devisee takes upon probate of the will no more than a naked legal title, and where he has made a conveyance of his interest during the interim between the death of the testator and the probate of the will, he takes the legal title upon probate of the will as trustee for his grantee.

It appears from the evidence in this case that John M. Miller, the father of David W. Miller, died on March 21, 1894, leaving a will by which he bequeathed and devised the one-ninth part of his estate, consisting of personal and real property, to David W. Miller. This will was read to the children on March 24,

1894, and thereupon on that day David W. Miller executed a paper writing whereby he set over all his right, title and interest in his father's estate to Matilda G. Miller, his wife, "in consideration of certain accounts and notes" due by him and at that time transferred to him. Two days later he executed the following deed:

"Know all men by these presents, that David W. Miller, of Cincinnati, Hamilton county, Ohio, in consideration of one dollar ($1.00) and the indebtedness which he owes to Matilda G. Miller, does hereby grant, bargain, sell and convey to said Matilda G. Miller, her heirs and assigns forever, all his right, title, interest and demand of every kind whatever, in, to and concerning the personal and real estate belonging to the estate of John M. Miller, late of Hamilton county, Ohio, being all the share and portion of said estate, both real and personal, which was devised to the said David W. Miller by the last will and testament of said John M. Miller, deceased, to have and to hold the same to the said Matilda G. Miller, her heirs and assigns forever."

The one dollar consideration was paid by Matilda G. Miller to David W. Miller, and the deed was duly delivered to Matilda G. Miller, and filed for record on the same day. Five days thereafter, on March 31, 1894, the will of John M. Miller was admitted to probate in the Probate Court of Hamilton County.

Soon thereafter the plaintiff obtained a judgment for $2,770 and costs against David W. Miller, and caused an execution to issue on said judgment and levied on the real estate devised to David W. Miller under said will as the property of David W. Miller, claiming that the deed was made without any consideration and was fraudulent and void for want of consideration, and that it cast a cloud on the title of David W. Miller in said real estate so that it could not be sold on execution; that it was made for the purpose of defrauding the plaintiff and other creditors, and for the purpose of hindering and delaying them in the collection of their claims, and asking that the cloud on the title be removed and that the instrument be held to be void.

This raised the question as to what was transferred by the instruments executed by David W. Miller to Matilda G. Miller,

after the death of John M. Miller and the reading of his will,
and the subsequent probate of the will. The common pleas court
answered this question as follows (3 N. P., 220):

"That when David W. Miller executed the transfer of March
24 and the deed of March 26, 1894, he had no title unless by in-
heritance from his father; that his title as devisee was a new
title acquired subsequent to the deed on the probate of the will;
that the deed conveyed such interest as he then had, and did not
convey his title as devisee, and which title he or his judgment
creditors may assert as against the grantee under the deed.
Therefore the plaintiff and such other judgment creditors as
obtained a lien after the title vested may subject the interest
of David W. Miller, as devisee under the will, to payment of
their liens."

The case was thereafter taken to the circuit court by David W.
Miller et al, where it was heard by Judges Marvin, Douglass and
Caldwell, sitting in place of the judges of the first circuit, and
on July 8, 1898, a decree was entered reversing the judgment of
the common pleas. The ground of the decree was that upon the
ripening of the legal title in David W. Miller by the probate of
the will, it took effect by relation as of the date of the testator's
death.    This case was not reported (an opinion on another
branch of the case may be found two or three times repeated),
but the decree answers the purpose of a report, and is here sub-
joined:

"This cause came on to be heard upon the petition in error,
the transcript and the original pleadings and papers from the
Court of Common Pleas of Hamilton County and was argued by
counsel and submitted to the court.
"And the court, being fully advised, finds that there is error
apparent upon the record prejudicial to the plaintiff in error, as
follows:
"The court having found the facts and the law separately in
the decree rendered in the court below, erred in matters of law
in finding that said David W. Miller, at the time of the execu-
tion and delivery of a certain conveyance set forth in the decree,
to Matilda G. Miller, had no interest in the property mentioned
and described therein, under the will of his father, John M.
Miller, deceased, and that said Matilda G. Miller took no in-
terest nor title in said property by virtue of said conveyance as

against David W. Miller and the other parties to said action.

"The court below also erred in finding that said defendants in error herein, or any of them, acquired any lien upon said property by virtue of the judgments set forth in said action against said David W. Miller, and erred in decreeing said conveyance to be set aside and in ordering any money paid into court.

"This court holds that David W. Miller had an interest in said property under said will at the time of the execution and delivery of said instrument to his wife, Matilda G. Miller, that might be then conveyed; that said instrument affected such conveyance; that upon the ripening of the legal title in David W. Miller by the probate of said will, by relation the title took effect as of the date of the testator's death and therefore instantly devolved upon said Matilda G. Miller.  Even if it did not thus take effect by relation, David W. Miller acquired no more than the naked title, and all ownership and beneficial interest were in said Matilda G. Miller, for whom he held such legal title in trust, and that the defendants in error, by their judgments and levies, obtained a lien upon no more than such naked legal title, and that therefore said Matilda G. Miller is entitled to the real estate devised to David W. Miller, or the proceeds arising from a sale thereof, and said defendants in error have no right or interest therein.

"It is therefore adjudged and decreed that the decree of the court of common pleas be reversed and set aside as to the findings of law and the orders based thereon, as herein set forth.

"And it is further ordered that this cause be and is hereby remanded to the Court of Common Pleas of Hamilton County for a decree in favor of the plaintiff in error and such further proceedings, in accordance with the decree, as may be required in the premises.

"And it is adjudged that the defendants in error shall pay the costs of the proceedings, taxed at $——, and it is ordered that a special mandate be issued herein to said court of common pleas to carry the foregoing judgment into execution.

"And said defendants in error except to the finding and decree of the court herein."